### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| BENNIE LILLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-2117 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND OPINION

Bennie Lilley sued Home Depot, U.S.A., Inc., in Texas state court, alleging that he was injured in one of the stores. In his original petition, filed on February 14, 2007, Lilley alleged unspecified injuries resulting from an April 2005 incident. The petition did not allege a specific amount of damages.

Home Depot filed a notice of removal on June 21, 2007. Home Depot asserted that on May 31, 2007, Lilley served discovery responses that, for the first time, provided a basis for concluding that the amount in controversy exceeded $75,000. Specifically, Home Depot stated that on May 31, 2007, Lilley produced a list of medical-care providers that had treated him after the April 2005 incident. Those medical-care providers included Dr. Tomaszek. Lilley also provided a photograph showing a surgical scar on his back and a signed authorization for the release of his medical records. Home Depot obtained records from Dr. Tomaszek showing that Lilley had back surgery as a result of the April 2005 incident. The records showed no previous back injury. Before these discovery responses and the medical

information they led Home Depot to obtain, Lilley had not provided any information showing actual damages approaching $75,000.

Lilley has moved to remand on the basis that the removal was untimely because it was more than thirty days after suit was filed. Service of an initial pleading will trigger the thirty-day time period "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir.1992). This rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id*. An initial pleading that does not specifically request damages in excess of the federal jurisdictional requirement can trigger the thirty-day removal clock. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir.2002) (stating that the Fifth Circuit has held that "specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal"). In this case, Lilley's original petition did not provide information showing that he was seeking at least $75,000, the amount of damages necessary to establish jurisdiction in a federal court.

A response to a discovery request may constitute an "other paper from which it may first be ascertained that the case is one which is or has become removable," triggering the thirty-day period of removability under § 1446(b). *See Chapman*, 969 F.2d at 164 (interrogatory answer is an "other paper"); *see also Addo v. Globe Life and Accident Ins. Co.*,

230 F.3d 759, 761 (5th Cir.2000) (postcomplaint demand letter is an "other paper"); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996) (a transcript of deposition testimony is an "other paper").  In this case, the May 31, 2007 discovery responses first provided Home Depot with the information that Lilley sought damages in excess of the minimum jurisdictional amount.  The case was not removable before Home Depot was served with those responses.  Because Home Depot filed its notice of removal within thirty days of receiving the discovery responses, removal was timely.  The motion to remand is denied.

       SIGNED on August 9, 2007, at Houston, Texas.

                                             _____
                                                      Lee H. Rosenthal
                                           United States District Judge