**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BENNIE LILLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-2117 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Home Depot asks this court to exclude the testimony of Dr. David E. Tomaszek, a neurosurgeon who performed back surgery on the plaintiff and who is designated as a testifying expert under Rule 26(b). The plaintiff, Bennie Lilley, alleges that he suffered extensive back injuries as a result of an incident at a Home Depot store. Home Depot argues that Dr. Tomaszek's opinion that Lilley's back injuries were caused by that incident should be excluded under Rule 702 of the Federal Rules of Evidence.

Based on the motion, response, the record, and the applicable law, this court denies Home Depot's motion. The reasons are set out in detail below.

**I.   Background**

In this suit, Lilley alleges that on April 18, 2005, he was struck by a boxed hot water heater at a Home Depot store in Conroe, Texas. (Docket Entry No. 23 at 1). Lilley alleges that the box fell when a Home Depot employee was bringing it down from a shelf and the

box handle broke. (*Id*.). Lilley claims that he sustained severe injuries to his lower back, ultimately requiring surgery. (*Id*.).

The record shows conflicting evidence as to the extent of the injury immediately following the accident. (*Id*., Exhibit A at 89). On April 19, 2005, Lilley sought treatment for back pain at the Conroe Family Medicine Clinic, from Dr. Jack Pieniazek. The record from that visit indicates "[n]o lower back pain radiating to the legs." (*Id*., Exhibit B at 4). Lilley visited Dr. Pieniazek four more times from April 26, 2005 to May 31, 2005. The records from these visits report the same finding of no radiating back pain. (*Id*., Exhibit B at 6-9). On April 20, 2005, however, Lilley was treated for back pain at Dynamic Health & Wellness. The record from that visit indicates that Lilley reported "sharp pain in [the] lower back running down [the] left thigh." (*Id*., Exhibit A at 87-88). This evidence is significant because Dr. Tomaszek testified that if there was a causal connection between the Home Depot incident and the disk protrusion that he treated surgically, he would expect pain radiating to the legs to start "[w]ithin one month or less." (*Id*., Exhibit A at 75). Dr. Tomaszek was not provided with these records before he gave the opinion that the Home Depot incident caused the back condition that required surgery.

On June 5, 2006, a year after the Home Depot incident, Lilley had his first visit with Dr. Tomaszek. (*Id*., Exhibit A at 8). Lilley had been referred to Dr. Tomaszek by other doctors. (*Id*., Exhibit A at 48). Lilley told Dr. Tomaszek that he "twisted and was hit in his back on April 18th of 2005 and within 24 hours developed back, buttock and pain in the leg on the left side, which had not gotten better for a long period of time with conservative

therapy." (*Id*., Exhibit A at 14-15). Dr. Tomaszek did a foraminal root block on June 15, 2006, which provided temporary relief. (*Id*., Exhibit A at 22-25). Lilley next saw Dr. Tomaszek on March 27, 2007, complaining of renewed back, buttock, and leg pain on his left side. (*Id*., Exhibit A). In April 2007, Dr. Tomaszek did a L5-S1 lumbar diskectomy to repair a disk protrusion. (*Id*., Exhibit A at 30-31). In October 2007, Lilley was in a vehicle accident that reinjured his back. (*Id*., Exhibit A at 39).

Dr. Tomaszek testified at his deposition that Lilley stated that he had been hit on the back on April 18, 2005 and within 24 hours developed back pain. (*Id*., Exhibit A at 14-15). Dr. Tomaszek testified that "if Mr. Lilley is not lying to [him], it is more likely than not that the disk protrusion was the result of [Lilley's] accident of April of '05." (*Id*., Exhibit A at 57). Lilley told Dr. Tomaszek that he had not injured his back before the April 2005 incident. (*Id*., Exhibit A at 53). Dr. Tomaszek did not know that Lilley had injured his back in 1979 in an incident involving a bathtub, requiring medical care. (*Id*., Exhibit A at 52). Dr. Tomaszek also did not know about a more recent injury to Lilley's back in December 2004, four months before the Home Depot incident, when Lilley hurt his back while stepping off an 18-inch high ledge at work, again requiring medical care and therapy. (*Id*., Exhibit A at 53). Finally, Dr. Tomaszek did not know about the records from the Conroe Family Medicine Clinic stating no radiating back pain following the April 2005 Home Depot incident. (*Id*., Exhibit A at 58-60).

Dr. Tomaszek was deposed on March 4, 2008. (*Id*.). In expressing the opinion that the April 18 incident caused the lower back injury that required surgery, Dr. Tomaszek relied

3

exclusively on what Lilley told him about his medical history.  Home Depot asks this court to exclude Dr. Tomaszek's testimony, at least as to causation.  Home Depot argues that Dr. Tomaszek did not know: "(1) how the [a]ccident occurred; (2) if the Plaintiff was hit in the chest or back with the water heater during the [a]ccident; (3) the size or weight of the object that hit the Plaintiff; (4) the mechanism of the injury."  (*Id*.).  Home Depot also argues that Dr. Tomaszek did not know that Lilley had a history of back injury before the April 2005 Home Depot incident.  (*Id*., Exhibit A at 52).

## II.    The Legal Standard

Rule 702 states that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  As a threshold matter, the trial judge must determine whether the proffered witness is qualified to give the expert opinion he seeks to express. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).  The burden is on the party offering the expert testimony to establish by a preponderance of the evidence that it is admissible.  *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).  The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid [the reliability criterion] and of

4

whether the reasoning or methodology can be applied to the facts at issue [the relevance analysis]." *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 617 (5th Cir. 1999) (quoting *Daubert*, 509 U.S. at 592–93). The district court's responsibility is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. The court "must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

"[A]n expert is permitted wide latitude to offer opinions, including those that are not based on first hand knowledge or observation." *Daubert*, 509 U.S. at 592. The Fifth Circuit has stated that when exercising discretion, "the district court may exclude expert testimony that lacks an adequate foundation." *Sales, Inc. v. E.I. du Pont de Nemours & Co.*, 24 F.3d 747, 752 (5th Cir. 1994). "[I]n determining the admissibility of expert testimony, the district court should approach its task 'with proper deference to the jury's role as the arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.'" *United States v. 14.38 Acres of Land, More or Less Sit. In Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). Occasionally, "the source upon which an expert's opinion relies is of such little weight that the jury should

5

not be permitted to receive that opinion." *Viterbo*, 826 F.2d at 422. "Expert testimony falls in this category when that testimony would not actually assist the jury in arriving at an intelligent and sound verdict." *Id.*

## III.    Analysis

The medical expertise of Dr. Tomaszek is not at issue. The issue is whether Dr. Tomaszek's testimony should be excluded because he lacked an adequate foundation for his opinion that the 2005 Home Depot incident is "the most likely cause" of Lilley's injury.

Home Depot presents two rationales for why Dr. Tomaszek lacked an adequate foundation. First, Dr. Tomaszek relied solely on what Lilley told him about his medical history and about how the accident occurred. A doctor's expert testimony "should not [be] excluded under *Daubert* solely on the ground that his causation diagnosis was based only on his patient's self-reported history." *Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1021 (7th Cir. 2000). This argument "should merely 'affect the weight to be assigned to that opinion,'" not require its exclusion. *Amigo Broadcasting, LP v. Spanish Broadcasting System, Inc.*, 521 F.3d 472, 485 (5th Cir. 2008) (quoting *Viterbo*, 826 F.2d at 422).

Home Depot argues, more persuasively, that Dr. Tomaszek's opinion should be excluded because he was not provided, and did not review, Lilley's medical records showing earlier back injury and pain, inconsistent with the claim that the Home Depot incident led to the need for surgery. Although a medical causation expert need not "disprov[e] or discredit[ ] every possible cause other than the one espoused by him," *Viterbo*, 826 F.2d at 424, "medical causation experts must have considered and excluded other possible causes of

6

injury," *McNabney v. Laboratory Corp. of America*, 153 Fed. Appx. 293, 295 (5th Cir. 2005). *See also Flores v. DaimlerChrysler Corp.*, No. 06-53, 2008 U.S. Dist. LEXIS 822008, at \*1 (S.D. Tex. Mar. 16, 2008).

In *Viterbo*, a nontreating testifying doctor relied on the plaintiff's oral medical history and failed to consider that the plaintiff had a family history of some of the same symptoms for which he was claiming damages. *Viterbo*, 826 F.2d at 423. The testimony was excluded because the medical history the doctor relied on "was incomplete in a critical area." *Id.* The Fifth Circuit more recently held that the opinion of a medical-causation expert who was unaware of a patient's medical history was inadmissible because "[h]is failure to consider and exclude other potential causes of [the patient's] injury before offering an opinion renders his testimony unreliable." *McNabney*, 153 Fed. Appx. at 295; *see also Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 522-23 (E.D. La. 2002) (holding that numerous inconsistencies and omissions in the patient's self-reported oral history did not provide the doctor with a sufficient factual basis to arrive at a reliable diagnosis). The Fourth Circuit has similarly held that a "differential diagnosis that fails to take serious account of other potential causes may be so lacking that it cannot provide a reliable basis for an opinion on causation." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 265 (4th Cir. 1999). "[I]f an expert utterly fails to consider alternative causes or fails to offer an explanation for why the proffered alternative cause was not the sole cause, a district court is justified in excluding the expert's testimony." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 202 (4th Cir. 2001).

In forming his opinion, Dr. Tomaszek relied on Lilley's self-reported history and an MRI of his back. On cross-examination, Dr. Tomaszek stated: "if Mr. Lilley is not lying to me, it is more likely than not that the disk protrusion was the result of [Lilley's] accident of April of '05." (Docket Entry No. 23, Exhibit A at 57). In his deposition, Dr. Tomaszek acknowledged that "[a]ll of [his] testimony is based on Mr. Lilley reporting his subjective complaints to [him] fairly and accurately." (*Id*., Exhibit A at 79).

Dr. Tomaszek did not know of the 1979 incident. (*Id*., Exhibit A at 52). He explained, however, that it was too remote to play a significant causal role and did not change his opinion. (*Id*., Exhibit A at 53).

Dr. Tomaszek did not know that in December 2004, Lilley stepped off an 18-inch ledge and sought medical treatment for back pain. (*Id*., Exhibit A). After being informed of the December 2004 incident, Dr. Tomaszek examined the reports from Dr. Pieniazek, who examined Lilley three times that December following the injury. (Docket Entry No. 23, Exhibit A at 57-60). Dr. Tomaszek then reaffirmed his opinion about causation, noting that some of the symptoms he found were distinguishable to Dr. Pieniazek's: "[I] would change my opinions if radiating pain, numbness, weakness and reflex abnormalities were documented. And specifically, those were not only not documented, but denied by Dr. Pieniazek." (*Id*., Exhibit A at 60). Home Depot's attorney showed Dr. Tomaszek the record of the December 2, 2004 doctor's examination, which showed that "the patient reported lower back pain radiating to the legs. Dr. Tomaszek replied, "[t]hat's correct, but later on in that same note, no motor abnormalities, no sensory abnormalities. Very different than my

findings." (*Id*., Exhibit A at 60-61).  Dr. Tomaszek testified that the symptoms and findings reported from the December 2004 injury were not similar to those produced by the April 2005 Home Depot incident.  (*Id*., Exhibit A at 61).  The doctors who treated Lilley for the December 2004 injury did not find any motor abnormalities or sensory abnormalities after that incident, which, according to Dr. Tomaszek, would have been the case if the injury was similar to the injury Lilley sustained from the Home Depot incident the following year.  (*Id*., Exhibit A).  Dr. Tomaszek used the difference in symptoms following the two injuries to explain his opinion that the April 2005, not the December 2004 injury, was the cause of Lilley's back condition.

Dr. Tomaszek's initial lack of knowledge about the December 2004 incident does not make his causation opinion inadmissible.  *See McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995) (holding that disputes about the strength of a doctor's use of differential etiology, which requires listing possible causes, then eliminating all causes but one, "go[es] to the weight, not the admissibility, of [the] testimony").  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

Dr. Tomaszek also did not know of the Conroe Family Medicine Clinic record stating that in the month after the April 2005 injury, Lilley had no back pain radiating to the legs. (*Id*., Exhibit A at 71-75).  Dr. Tomaszek agreed that if there was a causal connection, radiating leg pain would appear in less than a month.  (*Id*., Exhibit A at 75).  But those

9

records are inconsistent with the record from the same period from Dynamic Health & Wellness in which radiating pain was noted two days after the incident. There is no explanation for the inconsistency. This inconsistency precludes the exclusion of Dr. Tomaszek's opinion because he did not know information that could either support or conflict with his opinion.

Dr. Tomaszek's lack of knowledge as to Lilley's history of previous back injuries does not make his opinion about the causation of Lilley's back condition inadmissible. Dr. Tomaszek's examined Lilley's medical history and stated that *if* Lilley had no back pain radiating to the legs within a month after the April 2005 incident, it was unlikely to be the cause of his back surgery. His opinion is sufficiently reliable to pass the Rule 702 standard.

**IV.    Conclusion**

The defendant's motion to exclude the testimony of the plaintiff's medical expert, Dr. David E. Tomaszek, is denied.

SIGNED on July 15, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge